Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff Guru Denim, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURU DENIM, INC., a California Corporation dba TRUE RELIGION BRAND JEANS, <br><br> Plaintiff, <br><br> vs. <br><br> BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, a Delaware Corporation; ALPHA GARMENT, INC., a New York Corporation; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:** <br><br> 1. **FEDERAL TRADEMARK INFRINGEMENT;** <br> 2. **FALSE DESIGNATIONS OF ORIGIN & FALSE DESCRIPTIONS;** <br> 3. **FEDERAL TRADEMARK DILUTION;** <br> 4. **TRADEMARK DILUTION UNDER CALIFORNIA LAW;** <br> 5. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Guru Denim, Inc. dba True Religion Brand Jeans ("True Religion") for its claims against **Defendants Burlington Coat Factory Warehouse Corporation** and **Alpha Garment, Inc.** (collectively "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. True Religion files this action against Defendants for trademark counterfeiting, trademark infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 *et seq.* (the "Lanham Act"), and for related claims of unfair competition and declaratory relief under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the trademark and copyright infringement claims under 28 U.S.C. §§1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint arising under state statutory and common law, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants conduct business within this judicial district.

4. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing infringing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Guru Denim, Inc. dba True Religion Brand Jeans, a subsidiary of True Religion Apparel, Inc., is a corporation duly organized and existing under the laws of the state of California with an office and principal place of business at 2263 East Vernon Avenue, Vernon, California 90058.

6. Upon information and belief, Defendant Alpha Garment, Inc. ("Alpha Garment") is a New York corporation with an office and principal place of business at 1385 Broadway, in the city of New York, New York 10001.

7. Upon information and belief, Defendant Burlington Coat Factory Warehouse ("Burlington") is a Delaware corporation with an office and principal place of business at 1830 Rt. 130, Burlington, New Jersey 08016.

8. True Religion is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. True Religion will seek leave to amend this complaint when their true names and capacities are ascertained. True Religion is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. True Religion is informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. True Religion further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The True Religion Brand and its Famous U Marks

10. True Religion has been a leading designer of popular, high-quality, designer garments, including jeanswear, sportswear, accessories and other products under the trademark and trade name TRUE RELIGION.

11. Since its inception in 2002, True Religion has emerged as a global power in men's, women's and children's fashion with worldwide sales and distribution.

12. As of March 2013, True Religion operated 124 stores in the United States, including those within this judicial district, and 31 international stores. True Religion products can also be purchased through its official website - www.truereligion.com.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

13. True Religion brand of products are regularly the subject of much unsolicited, laudatory press coverage in various media, including editorial coverage in fashion and lifestyle magazines such as Vanity Fair, People, Lucky, US Weekly, Nylon, Women's Wear Daily, Vogue, Marie Claire, Elle and In Style, in addition to numerous magazines in several other countries worldwide.

14. Celebrities and entertainers such as Kate Beckinsale, David Beckham, Courtney Cox, Faith Evans, Jennifer Garner, Heather Graham, Kate Hudson, Angelina Jolie, Heidi Klum, Jennifer Lopez, Madonna, Gwyneth Paltrow, Jessica Simpson, Jada Pinkett Smith, Gwen Stefani, Justin Timberlake, Usher, and Bruce Willis, are among the many enthusiasts of True Religion Brand Jeans.

15. True Religion has distinguished itself as a leader in the high-end denim market for men, women and kids by its fashion-forward seams, remarkable embroidery and hand-sanded vintage washes.

16. True Religion is the owner of the trademark registrations for the word mark "TRUE RELIGION" (registrations include but are not limited to U.S. Reg. Nos. 3,628,973 and 3,162,614) and "TRUE RELIGION BRAND JEANS" (registrations include but are not limited to U.S. Reg. Nos. 2,761,793 and 3,120,797) as well as various composite trademarks comprising said word marks and assorted design components (collectively "True Religion Marks").

17. Amongst the many True Religion Marks, one of the most well-known and recognized marks is the "U" Mark. True Religion has used the "U" Mark in association with the sale of goods, including jeans, jackets, and shorts, since as early as 2002. The "U" Mark was first registered at the U.S Patent and Trademark office in 2006. Since then, True Religion has used and registered variations of the "U" Mark with the United States Patent and Trademark Office (collectively "U Marks"). Trademark registrations for the "U" Mark under International Class 25 for clothing include, *without limitation*, the following:

| Trademark | U.S. Reg. No. or Serial No. | Date of Registration/Filing |
|---|---|---|
| | 3,147,244 | 09/26/2006 |
| | 3,397,067 | 03/08/2008 |
| | 3,482,001 | 08/05/2008 |
| | 3,561,466 | 01/13/2009 |
| | 3,561,705 | 01/13/2009 |
| | 3,565,332 | 01/20/2009 |

| | | |
|---|---|---|
| [U mark design] | 3,561,710 | 01/13/2009 |
| [pocket with U design] | 3,561,465 | 01/13/2009 |
| [U mark design] | 3,565,180 | 01/20/2009 |
| [brush-stroke U design] | 3,565,138 | 01/20/2009 |
| [pocket with U design] | 3,568,127 | 01/27/2009 |

18. The U Marks are inherently distinctive, are nonfunctional, and serve to identify True Religion as the source/origin of the goods on which they appear. Indeed some of the registrations for the U Marks have become incontestable.

19. True Religion-branded products and their packaging all prominently bear the True Religion Marks, including the U Marks, which are often featured on the pocket flaps, labels/tags, and packaging.

20. Each of the True Religion Marks, including the U Marks, has been continually used in commerce since its respective date of first issue.

21. Because of True Religion's extensive use of the U Marks, True Religion has built up significant goodwill therein.

22. Due to True Religion's long use, extensive sales, and significant advertising and promotional activities, the U Marks have achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

**B. Defendants' Infringing Activities**

23. True Religion's claims in the present action arise from Defendants' production, manufacture, promotion, advertisement, distribution, offering for sale, and/or sale of products bearing a pocket design (shown below) that is substantially indistinguishable and/or confusingly similar to that of Plaintiff's U Marks ("Infringing Products").



24. Defendant Burlington has offered for sale and/or sold Infringing Products at its retail stores, including those within this judicial district.

25. Upon information and belief, Defendant Alpha Garment, owner of the "ZANADI" trademark, has supplied the Infringing Products to various retailers nationwide, including Defendant Burlington and others in this judicial district.

26. Defendants are not authorized by True Religion to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of True Religion's trademarks.

27. Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of True Religion's ownership of the U Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith. In fact, True Religion has filed suit against Defendants in the past for infringement of True Religion's U Marks, thereby putting Defendants on actual notice of its rights to the U Marks.

28. Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to True Religion's rights for the purpose of trading off the goodwill and reputation of True Religion. If Defendants' willful infringing activities are not preliminarily and permanently enjoined by this Court, True Religion and the consuming public will continue to be damaged.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

29. True Religion incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

30. True Religion's U Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from True Religion.

31. The registrations embodying the U Marks are in full force and effect and True Religion has authorized responsible manufacturers and vendors to sell merchandise with these marks.

32. Defendants' unauthorized use of the U Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized,

licensed by or otherwise connected with True Religion or come from the same source as True Religion's goods and are of the same quality as that assured by True Religion's U Marks.

33. Defendants' use of the U Marks are without True Religion's permission or authority and in total disregard of True Religion's rights to control its trademarks.

34. Defendants' infringing activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that True Religion has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of True Religion.

35. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure True Religion and reap the benefit of True Religion's goodwill associated with the U Marks.

36. As a direct and proximate result of Defendants' willful and infringing conduct, True Religion has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing on the U Marks.

37. True Religion has no adequate remedy at law.

38. In light of the foregoing, True Religion is entitled to injunctive relief prohibiting Defendants from using True Religion's U Marks, or any marks confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that True Religion has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designations of Origin & False Descriptions – 15 U.S.C. § 1125(a))**

39. True Religion incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40. Defendants' unauthorized use of True Religion's U Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with True Religion or come from the same source as True Religion's goods when in fact they do not.

41. Defendants' use of True Religion's U Marks are without True Religion's permission or authority and in total disregard of True Religion's rights to control its trademarks.

42. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that True Religion has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of True Religion.

43. True Religion has no adequate remedy at law.

44. In light of the foregoing, True Religion is entitled to injunctive relief prohibiting Defendants from using any of True Religion's registered marks, including the U Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that True Religion has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## THIRD CLAIM FOR RELIEF

**(Federal Trademark Dilution – 15 U.S.C. § 1125(c))**

45. True Religion incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

46. True Religion's U Marks are "famous" within the meaning of the Lanham Act.

47. Defendants' acts described above have diluted and continue to dilute True Religion's unique and distinctive trademarks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure True Religion, causing damage to True Religion in an amount to be determined at trial, as well as irreparable injury to True Religion's goodwill and reputation associated with the value of the U Marks.

48. Upon information and belief, Defendants' infringing activities began long after True Religion's U Marks became famous.

49. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on True Religion's reputation and to dilute the value of True Religion's U Marks. Defendants' conduct is willful, wanton and egregious.

50. True Religion has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing acts, unless they are enjoined by this Court.

51. In light of the foregoing, True Religion is entitled to injunctive relief prohibiting Defendants from using any of True Religion's registered marks, including the U Marks, and to recover all damages, including attorneys' fees, that True Religion has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF
### (Trademark Dilution in Violation of California Law)

52. True Religion incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

53. The U Marks are distinctive in the state of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the state of California, and the extensive advertising and wide spread publicity of the marks in the state of California.

54. As a result of the substantial inherent and acquired distinctiveness of the U Marks, its extensive use in the state of California, and the extensive advertising and publicity thereof, the U Marks have become strong and are widely renowned.

55. The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of the U Marks, which are famous.

56. The foregoing acts of Defendants constitute dilution and injury to business reputations in violation of the California Business and Professions Code.

57. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on True Religion in reckless disregard of True Religion's rights. Said conduct was despicable and harmful to True Religion and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

58. By reason of the foregoing, True Religion is being damaged by Defendants' unauthorized use of the U Marks in the manner set forth above, and will continue to be damaged unless Defendants are immediately enjoined under Section 14247 of the California Business and Professions Code from using the U Marks.

59. True Religion will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

60. Defendants' acts have damaged and will continue to damage True Religion, and True Religion has no adequate remedy at law.

61. In light of the foregoing, True Religion is entitled to injunctive relief prohibiting Defendants from using the U Marks for any purpose, destruction of the

counterfeit merchandise, and recovery of up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing products.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

62. True Religion incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

63. True Religion owns and enjoys common law trademark rights in California and throughout the United States.

64. Defendants' infringing acts in appropriating rights in True Religion's common law trademarks were intended to capitalize on True Religion's goodwill for Defendants' own pecuniary gain. True Religion has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of trademarks and logos. As a result of True Religion's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to True Religion.

65. Defendants' unauthorized use of True Religion's U Marks have caused and is likely to cause confusion as to the source of Defendants' clothing, all to the detriment of True Religion.

66. Furthermore, Defendant s' unauthorized use of True Religion's U Marks in connection with the advertisement and sale of competitive products, including the Infringing Products, in interstate commerce constitutes unfair competition under California common law.

67. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure True Religion.

68. True Religion has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' infringing acts unless Defendants are permanently enjoined from their infringing conduct.

69. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on True Religion in reckless disregard of True Religion's rights. Said conduct was despicable and harmful to True Religion and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

70. True Religion has no adequate remedy at law.

71. In light of the foregoing, True Religion is entitled to injunctive relief prohibiting Defendants from using any of True Religion's registered marks, including the U Marks, and to recover all damages, including attorneys' fees, that True Religion has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, True Religion respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with it from using the True Religion Marks, including the U Marks, or any marks confusingly similar thereto, including, but not limited to:

 (a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Infringing Products or any other products which bear the True Religion Marks, or any marks/designs identical, substantially similar, and/or confusingly similar thereto;

 (b) engaging in any other activity constituting unfair competition with True Religion, or acts and practices that deceive consumers, the public, and/or trade,

including without limitation, the use of designations and design elements associated with True Religion;

  (c) engaging in any other activity that will dilute the distinctiveness of the True Religion Marks;

  (d) committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with True Religion;

 2. Ordering Defendants to recall from any distributors and retailers and to deliver to True Religion for destruction or other disposition all remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

 3. Ordering Defendants to file with this Court and serve on True Religion within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

 4. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

 5. Awarding True Religion all of Defendants' profits and all damages sustained by True Religion as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

 6. Awarding treble damages in the amount of Defendants' profits or True Religion's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

 7. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

8. Awarding True Religion's statutory damages pursuant to 15 U.S.C. §1117(c);

9. Such other relief as may be just and proper.

DATED: September 24, 2014   BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*Guru Denim, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Guru Denim, Inc. hereby demands a trial by jury as to all claims in this litigation.

DATED: September 24, 2014   BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*Guru Denim, Inc.*

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF